UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00077-GNS-HBB

**KEVIN TROXELL**                                                                                       **PLAINTIFF**

VS.

**KILOLO KIJAKAZI, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[1]**                                   **DEFENDANT**

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

BACKGROUND

Before the Court is the complaint (DN 1) of Kevin Troxell ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Plaintiff is challenging the Appeals Council's dismissal of his untimely request for review of the ALJ's decision. Both the Plaintiff (DN 24) and Defendant (DN 31) have filed a Fact and Law Summary. For following reasons, the undersigned concludes that the Appeals Council's dismissal of Plaintiff's request for review was not an abuse of discretion. Therefore, the undersigned recommends that Plaintiff's Complaint (DN 1) be dismissed and judgment be entered in favor of the Commissioner.

---

1 Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

Pursuant to General Order No. 2019-11, this matter is assigned to Chief District Judge Greg N. Stivers (DN 18). The case is referred to the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(b)(1)(B), to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law, and Recommendations (DN 19).

By Order entered November 13, 2020 (DN 19), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

## FINDINGS OF FACT

On April 17, 2018, Plaintiff protectively filed an application for Disability Insurance Benefits ("DIB") (Tr. 13, 219-21, 222-23). On September 4, 2018, Plaintiff filed an application for Supplemental Security Income ("SSI") (Tr. 13, 42-47). Plaintiff alleged that he became disabled on March 20, 2017, because of congestive heart failure and his lungs filling with fluid due to that condition (Tr. 13, 113, 129, 135, 137, 144, 232). Plaintiff's DIB claim was denied initially on May 22, 2018, and upon reconsideration on August 20, 2018 (Tr. 13, 134, 135, 143, 144).

On June 19, 2019, Administrative Law Judge David A. Ettinger ("ALJ") conducted a video hearing from Nashville, Tennessee (Tr. 13, 89-90). Plaintiff and his counsel, Debra L. Broz, participated from Bowling Green, Kentucky (Id.). Lisa A. Courtney, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated August 16, 2019, the ALJ evaluated Plaintiff's adult disability claims pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 13-19). Concerning Plaintiff's DIB claim, the ALJ determined that Plaintiff met the insured

status requirements of the Social Security Act through June 30, 2017 (Tr. 14, 16). For that reason, the ALJ considered whether Plaintiff was under a disability within the meaning of the Social Security Act at any time through June 30, 2017, the date last insured (Tr. 14, 16-19). But the only medical evidence in the record pertaining to this time frame is dated March 17 and 27, 2017, and it merely addresses a left rib injury that Plaintiff sustained in a fall (Tr. 332-38, 403-07). The significance of this dearth of medical evidence regarding Plaintiff's cardiac condition through June 30, 2017 will become apparent as the ALJ's findings are discussed below.

Concerning Plaintiff's SSI claim, the ALJ noted that Plaintiff filed his application on September 4, 2018 (Tr. 16-19). For this reason, the ALJ evaluated whether Plaintiff was under a disability within the meaning of the Social Security Act beginning on September 4, 2018 (Id.).

Due to the unique circumstances in Plaintiff's case there is a 430-day gap, beginning on July 1, 2017 and ending on September 3, 2018, that is not addressed by Plaintiff's DIB or SSI applications. The implication of this gap will become evident as the ALJ's findings are discussed below.

At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 20, 2017, the alleged onset date (Tr. 16). At the second step, the ALJ determined that prior to September 4, 2018, the date Plaintiff became disabled, Plaintiff's congestive heart failure was not a "severe" impairment because the condition did not significantly limit his ability to perform basic work-related activities for 12 consecutive months (Id.).[2] The ALJ also found

---

2 The ALJ explained as follows:

> Through June 30, 2017, the date last insured, I agree with the State agency medical consultants at Exhibits 1A and 3A that the evidence is insufficient to establish the

"[b]eginning on September 4, 2018, the claimant has had the following severe impairment: congestive heart failure" (Tr. 17).

At the third step, the ALJ concluded that since September 4, 2018, the severity of Plaintiff's congestive heart failure met the criteria of Listing 4.02 (Tr. 18). In pertinent part, the ALJ's decision reads:

> In reaching this conclusion, I find that since September 4, 2018, the claimant's allegations regarding his symptoms and limitations are consistent with the evidence. Beginning on July 26, 2017, the claimant's congestive heart failure has met the requirements of listing 4.02A.1 as medical records document left ventricle ejection fractions (LVEFs) below 30% despite medical treatment and during periods of cardiac stability. An echocardiogram on July 26, 2017, showed an LVEF of 15-20%, and a MUGA blood pool study performed on April 6, 2018, showed an LVEF of 7.1%. Exhibit 3F. On March 18, 2018, an echocardiogram showed an LVEF of 10-15%. Exhibit 8F. Most recently, an echocardiogram performed on May 6, 2019, showed an LVED of less than 20%. Exhibit 8F.

---

> presence of a severe impairment. The only documented treatment prior to the date last insured relates to a March 17, 2017, emergency room visit. The claimant complained of left rib pain since a fall two days earlier. He gave a history of being prescribed medications for congestive heart failure while living in Wyoming but stated that he had not been taking those medications for at least four months prior to coming to the emergency room. The claimant felt better and was discharged with refills of his cardiac medications. There is no subsequent medical evidence until July 7, 2017, after the date last insured, when the claimant returned to the emergency room with a complaint of acute onset dyspnea three or four days earlier. He reported that he had otherwise been in "decent" health prior to that. Exhibit 2F.
>
> Overall, the evidence fails to reflect the presence of significantly limiting cardiac symptoms prior to June 30, 2017, the date last insured. The prior administrative medical findings of the State agency medical consultants at Exhibits 1A and 3A are found to be persuasive as they are well-supported and consistent with the claimant's minimal medical records prior to the date last insured, his non-compliance with taking his cardiac medications, and his report of being in decent health. Accordingly, I find that the claimant did not have a severe impairment prior to the date last insured.

(Tr. 17).

> The claimant also meets the requirements of listing 4.02B.3 as medical records show that he was unable to perform on an exercise tolerance test at a workload equivalent to 5 METs or less due to dyspnea. On May 7, 2019, the claimant underwent an exercise stress test, but he was able to exercise for only a minute to a maximum workload of 4.60 METs. The examination was stopped due to dyspnea, and it was noted that the maximal cardiopulmonary stress test with anaerobic threshold was not reached and that there was evidence for severe aerobic limitation to exercise. Recent medical records also show that the claimant is in need of a heart transplant. Exhibit 5F.
>
> At the hearing, the claimant testified that he cannot lift over five pounds and that he can be on his feet for only a few minutes at a time. He testified to having dizziness when changing positions and diminished energy.
>
> Overall, I find that the claimant's testimony is consistent with his current treatment records and his current need for a heart transplant. However, he made no meaningful effort to distinguish his current limitations from those existing two years earlier on his date last insured. The limitations he described are inconsistent with his very limited treatment records though [sic] the date last insured. The pain and fatigue questionnaires and the third-party function report at Exhibits 3E, 4E, and 7E have also been taken into consideration, but these were completed well after the date last insured and therefore provide little insight into the claimant's functioning prior to the date last insured. However, per the discussion above, the claimant meets listing 4.02 beginning on July 26, 2017.

(Id.). In sum, the ALJ concluded that Plaintiff was not disabled at any time prior to September 4, 2018, but he became disabled on that date and has continued to be disabled through the date of the decision (Tr. 19).

The ALJ's partially favorable decision and a cover letter, dated August 16, 2019, were mailed to Plaintiff, and copies were mailed to Plaintiff's counsel (*see* Tr. 9-11). Included within the cover letter is the following important cautionary notice:

### Time Limit To File An Appeal

You must file your written appeal **within 60 days** of the date you get this notice. The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period.

The Appeals Council will dismiss a late request unless you show you had a good reason for not filing it on time.

(Tr. 9-10) (bold in original text). Thus, Plaintiff had 65 days from Friday, August 16, 2019, in which to file his written request for appeal. As the deadline expired on Sunday, October 20, 2019, Plaintiff had until Monday, October 21, 2019, to file his request. But Plaintiff instead filed it fourteen days after the deadline, on November 4, 2019, with no explanation for the delay (Tr. 38-41).[3]

In correspondence dated January 9, 2020, the Appeals Council responded to Plaintiff's request for review (Tr. 29-31). In pertinent part the letter reads:

### Your Request for Review Was Filed Late

Under our rules, if you disagree with the Administrative Law Judge's action, you have 60 days to file a request for review.

The 60 days start the day after you receive the notice of the Administrative Law Judge's action. We assume that you received the notice within 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

In your case, the notice of the Administrative Law Judge's action is dated August 16, 2019. Therefore, the last day you could file your request for review was October 21, 2019.

---

3 In his request for appeal, Plaintiff indicated that he had "additional proof that did not become available until November 1, 2019" (Tr. 40). Plaintiff's counsel also filed the previously unavailable medical evidence concerning the diagnosis and treatment of his cardiac condition prior to June 30, 2017, the date last insured (Tr. 48-85). Apparently, Plaintiff and his counsel believed that if the ALJ had the opportunity to consider this new medical evidence it might have changed the outcome of the proceeding.

> You filed your request for review on November 4, 2019. There is no statement or other information about why you did not file the appeal on time.
>
> **What You Must Do**
>
> You should **send us a statement showing the reason(s) why you did not file the request for review within 60 days**. You should **send us any evidence that supports your explanation**.
>
> You may also send us information about when you received the notice of the Administrative Law Judge's action.
>
> **What We Plan To Do**
>
> If you show that you did not receive notice of the Administrative Law Judge's action within 5 days after the date on it, the Appeals Council **may** find that your appeal is timely.
>
> If you show that you had a good reason for filing late, the Appeals Council **will** extend the time period and find that your appeal is timely.
>
> If you do not show that you had a good reason for filing late, the Appeals Council **will** dismiss your request for review.
>
> **We Will Not Act For 30 Days**
>
> If you have more information, you must send it to us within 30 days of the date of this letter. We will not allow more time to send information except for very good reasons.
>
> Our address and FAX number are:
>
> **Address:**  Appeals Council
> ATTN: Branch 46,
> 5107 Leesburg Pike
> Falls Church, VA 22041-3255
>
> **FAX:** (703)306-5241, Attn: Branch 46

(Tr. 29-30) (emphasis added).

On March 5, 2020, the Appeals Council issued a notice and order to Plaintiff and his counsel (Tr. 2-4, 5-6). In pertinent part the order reads:

> On January 9, 2020, the Appeals Council sent correspondence to the claimant requesting a good cause explanation for the late filing. **No response was received**.
>
> The Appeals Council, therefore, **finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review**. The Administrative Law Judge's decision stands as the final decision of the Commissioner.
>
> A determination or decision which has become final and binding may be reopened if new and material evidence is furnished or there is error on the face of the evidence on which such determination or decision was based (20 CFR 404.989 and 416.1489).
>
> The additional evidence submitted by the claimant concerning the substance of the hearing decision is being referred to the Administrative Law Judge to determine whether it warrants any change in the decision. The Administrative Law Judge will notify the claimant and the representative of the action taken.
>
> Notice of this action is hereby given by mailing a copy to the claimant and the representative.

(Tr. 5-6) (emphasis added).

On March 16, 2020, Plaintiff's counsel sent a fax to the Appeals Council disputing the finding that it did not receive a response to the January 9, 2020 correspondence requesting a good cause explanation for the late filing (Tr. 28). Counsel included a copy of the material she purportedly faxed to the Appeals Council on January 27, 2020 (Id.) (citing Tr. 24-27). Specifically, counsel submitted: (1) a correctly filled out fax cover sheet dated January 27, 2020, with a "send result report" printed at the top of the page by the facsimile machine indicating a complete facsimile transmission with the date and time stamp "01/28/2024 [at] 9:20"; (2) counsel's

letter to the Appeals Council, dated "January 27, 2019"; and a printout—from the document logging software utilized by counsel—indicating on "09/10/2019" at "04:53 PM" someone in counsel's office logged the ALJ's Notice of Decision, dated "08/16/2019", into Plaintiff's case file notes (Tr. 25-27).[4] In pertinent part, counsel's letter to the Appeals Council reads:

> My office logs documents from ODAR and other Social Security Administration offices into NEEDLES the day we receive them. Attached is a printout from Mr. Troxell's Needles note from September 10, 2019, the day I received the Notice of Decision. The very top date shows that I printed the note on January 27, 2020 to send to you. **I received the Notice of Decision outside the 5-day period and request that you find a good reason for the late filing of the request for review**.

(Tr. 25) (emphasis added).

The Appeals Council apparently did not respond to counsel's fax. On April 30, 2020, counsel filed Plaintiff's complaint (DN 1).

## CONCLUSIONS OF LAW

### Jurisdiction

Judicial review of cases arising under the Social Security Act is governed by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. Three conditions must be satisfied to obtain judicial review under 42 U.S.C. § 405(g): (1) a final decision of the Commissioner after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice of such decision, or within such additional time as the secretary may permit; and (3) filing of the action in the appropriate district court. 20 C.F.R. §§ 422.210(a), (b), (c); Willis v. Sullivan, 931 F.2d 390, 396

---

4 The fax cover sheet, letter, and supporting documentation were made exhibits in the administrative record in connection with counsel's March 16, 2020 fax (*see* Tr. 24-28).

(6th Cir. 1991); Ahghazali v. Sec'y of Health & Human Servs., 867 F.2d 921, 924-926 (6th Cir. 1989).

Here, Plaintiff commenced his civil action within sixty days after the mailing of said order of dismissal. He did so in the appropriate district court. Thus, the second and third conditions are satisfied to obtain judicial review under 42 U.S.C. § 405(g). The Court must now ascertain whether the Appeals Council's order—dismissing Plaintiff's request for review as untimely—constitutes a final decision of the Commissioner after a hearing.

In Smith v. Berryhill, the claimant applied for SSI disability benefits. ___ U.S. ___, 139 S.Ct. 1765, 1773 (2019). His application was denied at the initial and reconsideration stages. Id. Smith requested a hearing, which the Administrative Law Judge held on February 2014 before issuing a decision denying Smith's claim on the merits in March 2014. Id.

The parties disputed what happened next. Smith's attorney claimed that he sent a letter requesting Appeals Council review in April 2014, well within the 60-day deadline. Id. By contrast, the SSA indicated that it had no record of receiving such a letter. Id. In late September 2014, Smith's attorney sent a copy of the letter that he purportedly mailed in April. Id. The SSA treated the date that it received this copy as the date of Smith's request for review because it had no record of receiving counsel's letter in April 2014. Id. The Appeals Council dismissed Smith's request for review was untimely as it concluded that Smith lacked good cause for missing the 60-day deadline. Id.

Smith pursued judicial review of that dismissal in the district court for the Eastern District of Kentucky. Id. But the district court ruled that it lacked jurisdiction to hear Smith's suit under 42 U.S.C. § 405(g) because the Appeals Council's decision was not a final decision of the

Commissioner. Id. The Sixth Circuit Court of Appeals affirmed the district court's ruling. Id. (citing Smith v. Comm'r of Soc. Sec., 880 F.3d 813, 814 (6th Cir. 2018).

Smith petitioned the Supreme Court for certiorari. Id. Although the Sixth Circuit's holding comported with the SSA's longstanding position, the Commissioner indicated that the SSA had "reexamined the question and concluded that its prior position was incorrect." Id. (citation omitted). The Supreme Court granted certiorari to resolve a conflict among the Courts of Appeals and appointed counsel to defend the judgment below. Id. Specifically, the Supreme Court addressed whether the Appeals Council's dismissal of Smith's request for review is a "final decision . . . made after a hearing" so as to allow judicial review under § 405(g). Id. at 1771.

The Supreme Court observed that "[t]he Appeals Council's review is discretionary: It may deny even a timely request without issuing a decision." Id. at 1772 (citing 20 C.F.R. § 416.1481); *see also* 20 C.F.R. § 404.981. But when the claimant misses the deadline for filing a request for review and cannot show good cause, the Appeals Council dismisses rather than denies the request. *See* Id. (citing 20 C.F.R § 416.1471); *see also* 20 C.F.R. § 404.971. The Supreme Court noted that such "[d]ismissals are 'binding and not subject to further review' by the SSA." Id. (citing 20 C.F.R. § 416.1472); *see also* 20 C.F.R. § 404.972.

In Smith, the Supreme Court carefully considered the language in the first and second clauses of § 405(g) as well as the strong presumption that Congress intended judicial review of administrative action. Id. at 1773-77. It concluded, "[w]here, as here, a claimant has received a claim-ending timeliness determination from the agency's last-in-line decisionmaker after bringing

11

his claim past the key procedural post (a hearing) mentioned in § 405(g), there has been a 'final decision . . . made after a hearing' under § 405(g)." Id. at 1777.

Applying the holding in Smith to the present circumstances, because the Appeals Council dismissed Plaintiff's request for review as untimely after he received a hearing from the ALJ on the merits, that dismissal qualifies as a "final decision . . . made after a hearing" within the meaning of § 405(g). Having found that § 405(g) permits judicial review here, the next issue to be addressed is the scope of that review.

Scope of Review

Plaintiff, without citing any authority in support of his position, argues that the Court should remand this case back to the Appeals Council with instructions to consider the good cause explanation that it did not acknowledge before dismissing his request for review (DN 24 PageID # 664). Presumably, Plaintiff seeks a prejudgment remand pursuant to sentence six of 42 U.S.C. § 405(g) (Id.).

By contrast, Defendant contends the Court should review the procedural ground for the Appeals Council's dismissal (DN 31 PageID # 717, 721-29). To that end, Defendant argues that the Appeals Council appropriately dismissed Plaintiff's request for review because it was untimely (Id.). Defendant also asserts that Plaintiff's purported late receipt of the ALJ's decision is insufficient to demonstrate he had "good cause" for filing an untimely request for review (Id.) (citing 20 C.F.R. § 404.911(b) for examples of good cause; Smith v. Saul, 500 F. Supp. 3d 627, 631-34 (E.D. Ky. 2020)). Defendant also contends that "[e]ven if the Appeals Council did not acknowledge Plaintiff's good cause explanation before issuing its dismissal order, Plaintiff fails to show an abuse of discretion" (Id.) (citing Smith, 139 S.Ct. at 1779 n.19).

12

In Smith, the Supreme Court acknowledged that if a reviewing court disagreed with the procedural ground for dismissal there would be jurisdiction for a federal court to proceed to the merits of the disability claim. Id. at 1779. However, it also recognized that the fundamental principles of administrative law instruct that a "federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had the chance to address the question." Id. (citations omitted). Accordingly, the Supreme Court instructed that in cases where the agency's final decisionmaker has not had a chance to address the merits at all, courts should restrict review "to the procedural ground that was the basis for the Appeals Council's dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." Id. at 1780. The Supreme Court reversed the judgment of the Sixth Circuit and remanded the case for further proceedings consistent with its opinion. Id.

Upon remand, the parties agreed that the district court had jurisdiction to review whether the Appeals Council reasonably dismissed Smith's request for review as untimely. Smith v. Saul, 500 F. Supp. 3d 627, 631 (E.D. Ky. 2020). The district court then ordered the parties to brief the merits of the Appeals Council's dismissal for untimeliness. Id. In pertinent part, the district court's decision reviewed the Appeals Council's dismissal for abuse of discretion, noting that any factual findings used to support the dismissal must be sustained if supported by substantial evidence. Id. (citing Smith, 139 S.Ct. at 1779 n.19). Relying of the Sixth Circuit's factual findings that remained intact after the Supreme Court's reversal, the district court concluded that the SSA did not abuse its discretion in dismissing Smith's request for review because substantial evidence supported the Appeals Council's finding that Smith's request was filed out of time. Id. at 631-32. It noted that the SSA had no record of ever timely receiving the request and Smith was

not able to provide a postmark of dated receipt to substantiate his claim of timely mailing. Id. at 632. Further, the district court acknowledged that the Sixth Circuit relied upon established case law in the Circuit "for the rule that there is no presumption of receipt absent independent evidence of timely filing." Id. (citations omitted). Accordingly, the district court concluded "the Appeals Council's dismissal of [Smith's] appeal as untimely was not unreasonable despite [Smith's] assertion that his attorney mailed a letter within the deadline. Id.

Considering the Supreme Court's holding and the district court's decision in Smith, the undersigned concludes that review here should be restricted to the procedural ground that was the basis for the Appeals Council's dismissal. Smith, 139 S.Ct. at 1780; Smith, 500 F. Supp. 3d at 631. Additionally, the Appeals Council's dismissal in this case should be reviewed for abuse of discretion. Smith, 139 S.Ct. at 1779 n.19; Smith, 500 F. Supp. 3d at 631. Any factual findings used to support that dismissal must be sustained if supported by substantial evidence. Smith, 500 F. Supp. 3d at 631. Substantial evidence is defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. Smith v. Sec'y of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989) (citing Richardson v. Perales, 402 U.S. 389 (1971)).

Discussion

As previously mentioned, the ALJ's notice of decision, dated August 16, 2019, warned that Plaintiff had up to 65 days from Friday, August 16, 2019, in which to file the request for appeal (Tr. 9-10). As the deadline expired on Sunday, October 20, 2019, Plaintiff actually had 66 days, until Monday, October 21, 2019, to file the notice of appeal.[5]

---

5 The ALJ's warning is consistent with the regulations which indicate a claimant has "60 days after the date you receive notice of the hearing decision" to file a written request for Appeals Council review. 20 C.F.R. §§

Plaintiff's counsel did not timely file the request for appeal. Counsel instead filed it fourteen days after the deadline, on November 4, 2019 (Tr. 38-41). Moreover, the request for review does not provide an explanation for the untimely filing (Id.). Thus, substantial evidence in the record supports the Appeals Council's finding that Plaintiff's request was filed out of time (Tr. 5).

Notwithstanding the late filing and absence of an explanation, the Appeals Council provided Plaintiff with the opportunity to provide "a statement showing the reason(s) why you did not" timely file the request for review (Tr. 29-31). Further, the Appeals Council advised that it "may" find the notice of appeal is timely if Plaintiff shows receipt of the ALJ's notice beyond the presumed five day delivery period, and it "will extend the time period and find that your appeal is timely" if Plaintiff demonstrates a "good reason for filing late" (Id.). The Appeals Council also warned that it "will dismiss your request for review" if Plaintiff fails to show he has a good reason for filing late (Tr. 30).[6]

The Appeals Council's order indicates that correspondence was sent to Plaintiff "requesting a good cause explanation for the late filing" (Tr. 5). The order reads "[n]o response was received" (Tr. 5). Plaintiff disputes this finding.

---

404.968(a)(1), 416.1468(a). Receipt as opposed to the mailing date of the notice is the operative guideline. Id. §§ 404.968(a)(1), 416.1468(a). The regulations define the date a claimant receives notice as "5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." Id. §§ 404.901, 416.1401. This same presumption applies to receipt of the ALJ's decision by Plaintiff's counsel. Id. §§ 404.1703, 416.1503.

6 The Appeals Council's notice to Plaintiff is consistent with the regulations which indicate a claimant may request an extension of the 60-day time limit to file a request for Appeals Council review. 20 C.F.R. §§ 404.968(b), 416.1468(b). The regulations indicate that the written request "must give the reasons why the request for review was not filed within the stated time period." Id. §§ 404.968(b), 416.1468(b). Further, if the claimant shows "good cause for missing the deadline, the time period will be extended." Id. §§ 404.968(b), 416.1468(b).

Notably, in the Smith case the claimant argued that he timely requested review, "as evidenced by his attorney's testimony and a letter dated April 24, 2014 that was faxed to the SSA in September 2014." 500 F. Supp. 3d at 632. The district court noted that the Sixth Circuit had previously rejected this argument because "'Smith's dated request for appeal and his counsel's testimony that he timely mailed the request is not proof that the request was actually mailed.'" 500 F. Supp. 3d at 632 (quoting Smith v. Comm'r of Soc. Sec., 880 F.3d 813, 818 (6th Cir. 2018)). The district court recognized that the Sixth Circuit "relied upon McKentry v. Sec'y of Health & Human Servs., 655 F.2d 721, 722 (6th Cir. 1981), and Hobt v. Comm'r of Soc. Sec., 175 F. App'x 709, 710 (6th Cir. 2006), for the rule that there is no presumption of receipt absent independent evidence of timely mailing."  Smith, 500 F. Supp. 3d at 632 (quoting Smith, 880 F.3d at 818).

Similarly, Plaintiff contends that he timely replied to the Appeals Council's letter--requesting a good reason for the late filing—as evidenced by counsel's statement that a timely response was sent by facsimile on January 27, 2020 and a copy of the response (DN 24 PageID # 663) (citing Tr. 24-28). Relying on the rational in Smith, there should not be a presumption that the Appeals Council received counsel's fax absent independent evidence of a timely fax transmission. The "send result report" that the facsimile machine printed on the top portion of the fax confirms completion of the transmission but the date and time stamp states "01/28/2024 [at] 9:20" (Tr. 27). This date stamp information does provide reliable independent evidence of timely faxing.  Thus, the Appeals Council's dismissal of Plaintiff's appeal as untimely was not unreasonable despite Plaintiff's assertion that his attorney faxed a letter with supporting documentation within the deadline.

Additionally, the material purportedly faxed to the Appeals Council merely shows that the ALJ's notice was received on September 10, 2019, which is outside the presumed five-day period for delivery (Tr. 25, 26). Yet counsel did not—at the time she purportedly received the ALJ's notice—ask the Appeals Council for an extension of time on the grounds that the ALJ's notice arrived on September 10, 2019. Instead, counsel filed Plaintiff's request for review fourteen days after the deadline, on November 4, 2019 (Tr. 38-41). Thus, despite having a compelling reason to do so, the material that counsel purportedly faxed to the Appeals Council did not provide any explanation why, despite having 41 days, she was unable to timely file Plaintiff's request for review. The regulations define "good cause," 20 C.F.R. §§ 404.911(a), 416.1411(a), and provide nine examples of circumstances "where good cause may exist". Id. §§ 404.911(b), 416.1411(b). Unfortunately, like the material purportedly faxed to the Appeal Council, Plaintiff's memorandum does not identify what circumstances kept him from timely making the request for review despite having 41 days in which to do so (DN 24). See Id. §§ 404.911(a)(1), 416.1411(a)(1). Moreover, the circumstances here are not like the Regulations examples of circumstances where good cause may exist. Id. §§ 404.911(b), 416.1411(b). Thus, if the Appeals Council had the opportunity to consider this material it still would have found there is no good cause to extend the time for filing Plaintiff's request for review. For the above reasons, Plaintiff fails to show the Appeals Council's dismissal in this case was an abuse of discretion. See Smith v. Berryhill, ___ U.S. ___, 139 S.Ct. 1765, 1779 n.19 (2019).

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Appeals Council's dismissal of Plaintiff's request for review was not an abuse of discretion. Therefore, the undersigned recommends that Plaintiff's Complaint (DN 1) be dismissed and judgment be entered in favor of the Commissioner.

October 25, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed, or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

October 25, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:       Counsel